Travers, J.
After a long and complicated post-trial procedural history, the Defendant, Worcester Radiologists, Inc. (WRI) presented its motion to dismiss the Plaintiffs’ (Joanne Whalen and Donald Whalen, deceased, hereafter “Donald Whalen” or “Whalen”), appeal of the denial of a motion for a new trial. This Court heard arguments from both parties on October 17, 1997.
*692 WRI seeks to dismiss Whalen’s appeal due to the failure to timely complete the transcripts for appeal in accordance with Mass.R.A.P. 8(b)(1). As such, WRI argues that the Clerk is unable to compose the record pursuant to Mass.R.A.P. 9(c). Whalen contends that the appeal should be docketed, because sufficient steps have been taken to secure the trial transcripts necessary for the appeal. Whalen further argues that any delay in the compilation of the record is due to the fault of the Clerk’s office or WRI. For the following reasons, WRI’s Motion to Dismiss Plaintiffs Appeal is ALLOWED.
BACKGROUND
1. Factual History
In March 1987, after experiencing gross silent hematuria, Donald Whalen sought medical treatment from his physician, Gary Tanguay, M.D. Because Dr. Tanguay was not available, Donald Whalen was seen by Harvey Kowaloff, M.D. Dr. Kowaloff ordered an intravenous pyelogram (IVP). The IVP, performed and read by John Mukai, M.D. (an employee of WRI), revealed that Donald Whalen had a tumor in his bladder. Unfortunately, the IVP report never made it to Dr. Kowaloff,[3] nor did Dr. Kowaloff seek the results of the test. When Donald Whalen called Dr. Kowaloff for the results, he was told there were none to report.
In March 1988, Donald Whalen experienced the same symptoms and again went to his physician. Dr. Tanguay was available at that time, and ordered an IVP. The IVP was again performed by WRI. The test revealed the tumor, which had increased in size from 3.6 cm. to 6.0 cm. The tumor was cancerous. At that time, WRI also discovered the previous IVP test, and gave both results to Dr. Tanguay. After other treatments failed, Donald Whalen’s bladder and a kidney were removed.
In December 1991, Donald Whalen learned that his cancer metastasized to his liver and hip. Donald Whalen died on February 5, 1992 as a result of the cancer.
2. Procedural Histoiy
In 1989, Donald Whalen filed a negligence action against Dr. Kowaloff, Dr. Villiotte (the president of WRI at the time of the first report), Dr. Mukai, Dr. Tanguay, Worcester Memorial Hospital and WRI.[4] The case went to trial in October 1991. On October 23,1991, the jury returned a verdict for the defendant doctors. Although the jury also found in WRI’s favor, it noted that WRI was negligent in its failure to diagnose the tumor, but its negligence was not the cause of Donald Whalen’s condition at trial.
On December 2, 1991, Whalen’s motion for a new trial was denied; Whalen then moved ex parte to stay the denial of the motion for a new trial. Relief from judgment was sought on January 23, 1992.
The motion for a new trial was again heard on September 8, 1992, and was denied. As a result, Whalen filed an appeal of that motion on October 16, 1992, which is the subject of the present Motion to Dismiss.[5] The merits of the motion for a new trial are not at issue before this Court.
Whalen ordered portions of the trial transcript and notified the Court on November 23, 1992. Because Whalen sought only portions of the trial transcripts, notice was given to WRI pursuant to Mass.R.A.P. 8, and WRI notified Whalen of additional transcripts it sought for the appeal. The Clerk received transcript volumes on October 27, 1993 (volume VI) and February 23, 1994 (volumes 1-4, 7-9, 11).
In June 1997, after receiving WRI’s motion to dismiss the appeal, counsel for Whalen met with various clerks working in the Clerk’s office. A search revealed missing pleadings and exhibits. In addition, counsel discovered that the transcripts which were previously sent to the Clerk’s office had been discarded. At that time, counsel obtained the names and addresses of the trial stenographers in an effort to recompile the transcripts.
DISCUSSION
Appellate procedure requires the appellant to “order from the court reporter a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record ... If the appellee deems transcript of other parts of the proceedings to be necessary he shall. . . file and serve on the appellant a designation of additional parts to be included.” Mass.R.App.P. 8(b)(1). The appellant is required to “perform any act reasonably necessary to enable the clerk to assemble the record ...” Mass.R.Civ.P. 9(c)(1). The appellant is further required, within 40 days of notice of the appeal, to deliver to the clerk either the transcripts or notice that the transcripts were ordered. Id. at 9(c)(2) If a notice is delivered, the appellant must deliver the transcripts to the clerk upon receipt. Id.
These procedural rules indicate that the appellant is obligated to provide the transcripts to the Clerk, so that the Clerk may establish a record for appeal. The obligation rests upon the appellant to ensure that all necessary steps are taken to supply transcripts and to compile the record for the appeal. Although the Clerk’s office compiles the record, the appellant must take steps to ensure that this is performed. If the Clerk fails to act, the lower court or appellate court may order the Clerk to assemble the record.[6] See Mass.R.A.P. 9(1).
The chronology of the present case demonstrates that a notice of appeal was timely filed, the issue for appeal was designated, the notice that transcripts were ordered was served upon the Court and WRI, and the Court received eight transcript volumes. Although the transcripts sought by Whalen were received, the transcript was not complete, as at least volumes 5, 6, and 8 were missing. (Whalen concedes that the transcripts are incomplete. See Plaintiffs Opposition To Defendant’s Motion to Dismiss Plaintiffs Appeal, Par. 13.) In his defense, Whalen argues that any delay in *693 the compilation of the transcripts is due to the Clerk’s Office,[7] or defense counsel.[8] Whalen indicates that the inability to determine who acted as a stenographer on a certain trial date added to the delay.
This Court acknowledges that a trial record does require some effort to search, because some portions are maintained in the Clerk’s office, some with the session clerks, and some by the assistant clerks. However, from my own knowledge of the Court’s practice, a daily record of court stenographers is maintained in the Clerk’s office and in each courtroom. This list can be accessed by any individual seeking the name of a stenographer on a particular date. It was not until 1997 that counsel for the plaintiff again attempted to obtain the names of the stenographers. Under these circumstances, this Court has no alternative but to conclude that the party with the obligation to compile the record has not done so in a diligent fashion.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Defendant, Worcester Radiologists, Inc.’s Motion to Dismiss the Plaintiffs Appeal is ALLOWED.

 WRI adopted a policy in 1986 which required the radiologist interpreting reports to telephone the referring physician if significant abnormal findings are revealed, as well as the customary preparation of a written report.

 The complaints against Dr. Mukai and Dr. Tanguay were dismissed after the malpractice tribunal found insufficient evidence to raise a legitimate question of liability. The complaint against Worcester Memorial Hospital was dismissed by motion of the plaintiff.

 Further post-trial procedural history indicates that this appeal was initially dismissed for failure to comply with Mass.R.A.P. 8(b)(1), but that judgment was reconsidered on June 21, 1993. In September, 1993, the parties agreed that the appeal would proceed against WRI only. Whalen limited this appeal to the denial of his Motion for a New Trial.

 There is no indication that Whalen sought an order compelling the Clerk to assemble the record for appeal.

 By affidavit, counsel for Whalen indicates that he spoke with Assistant Clerk Philip Breen. Mr. Breen indicated that he was attempting to compile the transcripts, but was missing a volume. Counsel states that Mr. Breen was going to determine who the stenographer was on that trial date, but was unable at that time to provide the stenographer’s name or address.

 In a letter sent in November 1993, counsel for Whalen informed counsel for WRI that the Clerk’s office was missing various pleadings and other documents. Whalen alleges that WRI’s counsel did not respond to the letter, nor was there any attempt by WRI’s counsel to obtain the missing transcript.